44 N.J. Super. 416 (1957)
130 A.2d 891
RAMON B. FISCH, PLAINTIFF-APPELLANT,
v.
INSURANCE COMPANY OF NORTH AMERICA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 25, 1957.
Decided April 9, 1957.
*417 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Charles Sabin argued the cause for plaintiff-appellant.
Mr. James S. Ely argued the cause for defendant-respondent.
The opinion of the court was delivered by CLAPP, S.J.A.D.
This is an appeal by the plaintiff from a judgment of the Superior Court, Law Division, entered on a verdict of "no cause for action." Plaintiff sued the defendant, Insurance Company of North America, to recover losses to his yacht as to which he claims to have been insured by the defendant. The losses were suffered during a voyage from Red Bank, New Jersey, to Miami Beach, Florida.
The only point raised by the appeal is presented by the trial judge's instruction to the jury that in a marine policy there is an implied warranty that before a vessel sails on a voyage it will be seaworthy for the voyage. There was no objection to this part of the charge.
Plaintiff's attorney was aware during the trial that one of the issues in the case was whether the boat (to quote his own observation made near the start of the trial) "was seaworthy at the time it was on its voyage to Florida." Furthermore, it appeared on the oral argument before us that the trial judge, remarking that to him this was an unusual case, had read his charge to the attorneys in order *418 to secure their comments before he delivered it to the jury. Then after delivering it to the jury, he called the attorneys to the side bar, to secure their objections. Plaintiff's attorney asked the court to expand one portion of the charge, with which we are not concerned. The court said the request was reasonable and asked "Anything else?", whereupon plaintiff's attorney said "No." The court then gave the instruction requested, and asked plaintiff's attorney "Is that satisfactory?", to which the attorney replied "Yes." There was not the slightest suggestion with respect to the point now raised.
Notwithstanding all this, plaintiff invokes R.R. 1:5-3(c), contending that plain error was committed. He urges on the appeal that since this is a time marine policy, there is no implied warranty that the vessel was seaworthy. He cites no case or text for that precise point. However, we find that according to the weight of authority in this country, the law will in any event imply in such a policy a warranty that the vessel is seaworthy at the inception of the risk (that is, at the commencement of the policy). Union Ins. Co. of Philadelphia v. Smith, 124 U.S. 405, 427, 8 S.Ct. 534, 31 L.Ed. 497, 506 (1888); Henjes v. Aetna Ins. Co., 132 F.2d 715, 719 (2 Cir. 1943); Hoxie v. Home Ins. Co., 32 Conn. 21 (Sup. Ct. Err. 1864); Plummer v. Insurance Co. of North America, 114 Me. 128, 95 A. 605 (Sup. Jud. Ct. 1915); American Ins. Co. v. Ogden & McComb, 20 Wend. 287, 294 (N.Y. 1838); cf. Smith v. Northwestern Fire & Marine Ins. Co., 246 N.Y. 349, 159 N.E. 87, 90 (Ct. App. 1927); 4 Appleman, Insurance Law and Practice, § 2656 (1941); 45 C.J.S., Insurance, § 652, p. 566 (from which the language of the charge was apparently drawn); 38 C.J. 1073; 29 Am. Jur. 593. We need not decide whether there was an implied warranty as to its seaworthiness at any other point of time.
Under the policy before us, the risk attached on September 22, 1954. Five weeks later, namely, on November 1, 1954, the yacht started on the voyage on which it received *419 the damages now sued for. The charge under attack here required the vessel to be seaworthy "before sailing." While the record is so scanty that we do not know where the vessel's home port was, or what occurred between the two dates mentioned, still it does seem that if the vessel was unseaworthy on November 1, 1954, we may, in view of the state of the record, perhaps presume that it had continued in the same status for the preceding five weeks. In any event, we find no such manifest denial of justice here as would warrant our interference in the case pursuant to the authority given us by R.R. 1:5-3(c).
Affirmed.